UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

EDWIN ZAYAS,

Plaintiff,

v.

110 NINTH AVENUE CORP. and PAPA KEBAB 1 LLC,

Defendants.

---------------------------------------------------------------x

Civil Action No.: 16 CV 9308

**ANSWER**

Defendant 110 Ninth Avenue Corp. ("110 Ninth Avenue"), by and through its attorneys, Abrams Garfinkel Margolis Bergson, LLP, as and for its answer to plaintiff's complaint (the "Complaint"), respectfully alleges as follows:

**RESPONDING TO THE NATURE OF THE CASE**

1. Denies each and every allegation set forth in paragraph 1 of the Complaint.

2. Makes no response to that portion of the allegations set forth in paragraph 2 of the Complaint that purports to set forth the statutes upon which plaintiff brings this action and otherwise denies each and every allegation set forth in said paragraph.

3. Makes no response to that portion of the allegations set forth in paragraph 3 of the Complaint that purports to set forth what relief plaintiff is seeking in this action and otherwise denies each and every allegation set forth in said paragraph.

**RESPONDING TO THE VENUE AND JURISDICTIONAL ALLEGATIONS**

4. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4 of the Complaint.

5. Makes no response to that portion of the allegations set forth in paragraph 5 of the Complaint that constitutes legal conclusions to which no response is required and denies each and every other allegation set forth in said paragraph.

6. Makes no response to that portion of the allegations set forth in paragraph 6 of the Complaint that constitutes legal conclusions to which no response is required and denies each and every other allegation set forth in said paragraph.

7. Makes no response to that portion of the allegations set forth in paragraph 7 of the Complaint that constitutes legal conclusions to which no response is required and denies each and every other allegation set forth in said paragraph.

8. Makes no response to that portion of the allegations set forth in paragraph 8 of the Complaint that constitutes legal conclusions to which no response is required and denies each and every other allegation set forth in said paragraph.

9. Denies the allegations set forth in paragraph 9 of the Complaint, except admits that 110 Ninth Avenue Corp. is a domestic business corporation organized under the laws of the State of New York.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 of the Complaint.

12. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 of the Complaint.

**RESPONDING TO THE CLASS ACTION ALLEGATIONS**

13. Makes no response to that portion of the allegations set forth in paragraph 13 of the Complaint that constitutes legal conclusions and sets forth the reasons why plaintiff brings this action as a class action and otherwise denies each and every allegation set forth in said paragraph.

14. Denies each and every allegation set forth in paragraph 14 of the Complaint.

15. Makes no response to that portion of the allegations set forth in paragraph 15 of the Complaint that provides a definition for "Plaintiffs" and otherwise denies each and every allegation set forth in said paragraph.

## RESPONDING TO THE STATUTORY SCHEME ALLEGATIONS

16. Denies each and every allegation set forth in paragraph 16 of the Complaint and respectfully refers the Court to the census relied upon for the full and complete contents thereof.

17. Denies each and every allegation set forth in paragraph 17 of the Complaint and respectfully refers the Court to the laws referred to for the full and complete contents thereof.

18. Denies each and every allegation set forth in paragraph 18 of the Complaint and respectfully refers the Court to the applicable laws for the full and complete contents thereof.

19. Denies each and every allegation set forth in paragraph 19 of the Complaint and respectfully refers the Court to the laws referred to for the full and complete contents thereof.

20. Denies each and every allegation set forth in paragraph 20 of the Complaint and respectfully refers the Court to the applicable laws for the full and complete contents thereof.

21. Denies each and every allegation set forth in paragraph 21 of the Complaint and respectfully refers the Court to the laws referred to for the full and complete contents thereof.

22. Denies each and every allegation set forth in paragraph 22 of the Complaint and respectfully refers the Court to the applicable laws for the full and complete contents thereof.

23. Denies each and every allegation set forth in paragraph 23 of the Complaint and respectfully refers the Court to the laws referred to for the full and complete contents thereof.

24. Denies each and every allegation set forth in paragraph 24 of the Complaint and respectfully refers the Court to the laws referred to for the full and complete contents thereof.

25. Denies each and every allegation set forth in paragraph 25 of the Complaint and respectfully refers the Court to the laws referred to for the full and complete contents thereof.

**RESPONDING TO THE FACTUAL BACKGROUND**

26. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except admits that 110 Ninth Avenue Corp. owns property located at 110 Ninth Avenue, New York, New York 10011.

28. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 28 of the Complaint.

29. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 29 of the Complaint.

30. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 30 of the Complaint.

31. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 31 of the Complaint.

32. Denies having knowledge or information sufficient to admit or deny the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

**RESPONDING TO THE FIRST CAUSE OF ACTION**

35. Repeats and realleges paragraphs 1 through 34 above as if set forth fully and completely herein.

36. Makes no response to that portion of the allegations set forth in paragraph 36 of the Complaint that constitutes legal conclusions to which no response is required and denies each and every other allegation set forth in said paragraph.

37. Denies each and every allegation set forth in paragraph 37 of the Complaint.

38. Denies each and every allegation set forth in paragraph 38 of the Complaint.

39. Denies each and every allegation set forth in paragraph 39 of the Complaint.

40. Denies each and every allegation set forth in paragraph 40 of the Complaint.

41. Denies each and every allegation set forth in paragraph 41 of the Complaint.

42. Denies each and every allegation set forth in paragraph 42 of the Complaint.

43. Denies each and every allegation set forth in paragraph 43 of the Complaint.

44. Denies each and every allegation set forth in paragraph 44 of the Complaint.

45. Denies each and every allegation set forth in paragraph 45 of the Complaint.

46. Denies each and every allegation set forth in paragraph 46 of the Complaint.

47. Denies each and every allegation set forth in paragraph 47 of the Complaint.

48. Denies each and every allegation set forth in paragraph 48 of the Complaint.

49. Denies each and every allegation set forth in paragraph 49 of the Complaint.

50. Denies each and every allegation set forth in paragraph 50 of the Complaint.

51. Denies each and every allegation set forth in paragraph 51 of the Complaint.

52. Denies each and every allegation set forth in paragraph 52 of the Complaint.

53. Denies each and every allegation set forth in paragraph 53 of the Complaint.

54. Denies each and every allegation set forth in paragraph 54 of the Complaint.

55. Denies each and every allegation set forth in paragraph 55 of the Complaint.

56. Denies each and every allegation set forth in paragraph 56 of the Complaint.

57. Denies each and every allegation set forth in paragraph 57 of the Complaint.

58. Denies each and every allegation set forth in paragraph 58 of the Complaint.

**RESPONDING TO THE SECOND CAUSE OF ACTION**

59. Repeats and realleges paragraphs 1 through 58 above as if set forth fully and completely herein.

60. Denies each and every allegation set forth in paragraph 60 of the Complaint

61. Denies each and every allegation set forth in paragraph 61 of the Complaint.

62. Denies each and every allegation set forth in paragraph 62 of the Complaint.

63. Denies each and every allegation set forth in paragraph 63 of the Complaint.

64. Denies each and every allegation set forth in paragraph 64 of the Complaint.

65. Denies each and every allegation set forth in paragraph 65 of the Complaint.

66. Denies each and every allegation set forth in paragraph 66 of the Complaint.

**RESPONDING TO THE THIRD CAUSE OF ACTION**

67. Repeats and realleges paragraphs 1 through 66 above as if fully and completely set forth herein.

68. Denies each and every allegation set forth in paragraph 68 of the Complaint

69. Denies each and every allegation set forth in paragraph 69 of the Complaint.

70. Denies each and every allegation set forth in paragraph 70 of the Complaint.

71. Denies each and every allegation set forth in paragraph 71 of the Complaint.

**RESPONDING TO THE FOURTH CAUSE OF ACTION**

72. Repeats and realleges paragraphs 1 through 71 above as if fully and completely set forth herein.

73. Denies each and every allegation set forth in paragraph 73 of the Complaint.

74. Denies each and every allegation set forth in paragraph 74 of the Complaint.

75. Denies each and every allegation set forth in paragraph 75 of the Complaint.

76. Denies each and every allegation set forth in paragraph 76 of the Complaint.

77. Denies each and every allegation set forth in paragraph 77 of the Complaint.

78. Denies each and every allegation set forth in paragraph 78 of the Complaint.

**RESPONDING TO THE FIFTH CAUSE OF ACTION**

79. Repeats and realleges paragraphs 1 through 78 above as if fully and completely set forth herein.

80. Denies each and every allegation set forth in paragraph 80 of the Complaint.

81. Denies each and every allegation set forth in paragraph 81 of the Complaint.

82. Denies each and every allegation set forth in paragraph 82 of the Complaint.

83. Denies each and every allegation set forth in paragraph 83 of the Complaint.

84. Denies each and every allegation set forth in paragraph 84 of the Complaint.

85. Denies each and every allegation set forth in paragraph 85 of the Complaint.

86. Denies each and every allegation set forth in paragraph 86 of the Complaint.

87. Denies each and every allegation set forth in paragraph 87 of the Complaint.

**RESPONDING TO THE SIXTH CAUSE OF ACTION**

88. Repeats and realleges paragraphs 1 through 87 above as if fully and completely set forth herein.

89. Denies each and every allegation set forth in paragraph 89 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

91. Each cause of action fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

92. Plaintiff's claims are barred and precluded by the doctrines of waiver, estoppel, laches and unclean hands.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

93. The relief, in whole or in part, sought by the Complaint would constitute an undue burden upon 110 Ninth Avenue, and therefore should not be granted pursuant to 42 U.S.C. §12182(b)(2)(A)(iii).

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

94. The relief sought by plaintiff, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered and therefore should not be granted pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii).

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

95. The relief, in whole or in part, sought by Complaint is not readily achievable and, therefore, should not be granted pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

96. The relief sought by the Complaint, in whole or in part, would require disproportionate cost.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

97. Plaintiff has failed to exercise reasonable diligence to mitigate his damages, if any damages were in fact suffered.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

98. 110 Ninth Avenue denies that any loss, damage, or injury of any character or of any sum or amount has been suffered by plaintiff by reason of acts, omissions, carelessness, negligence, or intentional conduct on the part of 110 Ninth Avenue or on the part of any of 110 Ninth Avenue's agents, servants, employees, or any other person or persons acting or purporting to act on its behalf.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

99. Plaintiff's claims are barred to the extent discovery shows that plaintiff lacks standing to seek some portion or all of the relief sought in the Complaint.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

100. When and if required, 110 Ninth Avenue made all readily achievable changes necessary to comply with applicable law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

101. Plaintiff failed to provide 110 Ninth Avenue with prior notice of the alleged violations and to provide an opportunity to cure the alleged violations.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

102. Plaintiff's claims are barred because the modifications he seeks may be moot.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

103. 110 Ninth Avenue has acted in good faith and in compliance with all applicable law at all times material hereto.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

104. Plaintiff's claims are frivolous within the meaning of Fed. R. Civ. Pro. Rule 11 and 22 NYCRR 130-1.1.

**AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE**

105. Plaintiff's causes of action for injunctive relief and declaratory judgment are preempted by applicable law.

**AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE**

106. The alleged damages sustained by plaintiff, if any, were caused by the acts, of third persons over whom 110 Ninth Avenue had no control.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

107. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

108. Plaintiff's claims are barred because the alleged violations are *de minimis* and non-actionable because they do not materially impair plaintiff's use of an area for an intended purpose.

**AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE**

109. Plaintiff's claims that the places of public accommodation violated the ADA and/or other statutes or codes are barred to the extent that said places of public accommodation were designed or constructed prior to the effective dates of the ADA and/or claimed statutes, codes, or regulations allegedly violated.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

110. The imposition of punitive damages in this matter would violate 110 Ninth Avenue's right to due process of law in violation of the New York State and United States Constitutions.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

111. 110 Ninth Avenue is not legally responsible for, and has no liability in connection with, property that is not within its possession, custody or control.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

112. Plaintiff's claims are barred because the alterations allegedly made are sufficient in that they satisfy the "to the maximum extent feasible" standard under C.F.R. Section 36.402(a)(1); 42 U.S.C. Section 12183(a)(2).

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

113. Plaintiff's claims are barred because with respect to any particular element that departs from accessibility guidelines, plaintiff has been provided with "equivalent facilitation" in the form of alternative design and technologies that provide substantially equivalent or greater access to and usability of the alleged areas of the facility.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

114. Plaintiff's claims are barred to the extent that plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

115. 110 Ninth Avenue has not denied access to plaintiff, or any person with plaintiff's purported condition, to a service offered by a place of public accommodation.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

116. 110 Ninth Avenue has not engaged in any actionable discrimination or violation of law.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

117. 110 Ninth Avenue does not control, manage, or have authority to alter, change, maintain or repair areas controlled and/or managed by co-defendants.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

118. 110 Ninth Avenue has no duty with respect to the violations of law alleged in the Complaint.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

119. The complaint is barred, in whole or in part, because plaintiff has refused to avail himself of accommodations made for him and instead has demanded extraordinary actions which are not required, necessary or practicable under the circumstances.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

120. Plaintiff has not sustained any damages as a result of 110 Ninth Avenue's conduct.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

121. In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, 110 Ninth Avenue alleges that it is entitled to the protection of any laws governing a reduction of damages as provided for therein.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**

122. Plaintiff's damages, if any, are and will be barred, diminished and/or subrogated to any and all collateral source payments.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**

123. Plaintiff did not possess a bona fide good faith intent to avail himself of the goods

and services provided by the subject premises but instead acted for the sole purpose of instituting this lawsuit.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE**

124. This Court lacks supplemental jurisdiction over plaintiff's state law claims.

110 Ninth Avenue expressly reserves the right to amend its answer to assert additional affirmative defenses at any time up to and including the trial of this action.

**AS AND FOR CROSS-CLAIMS AGAINST DEFENDANT PAPA KEBAB 1 LLC**

Any damages sustained by plaintiff were caused in whole or in part by the acts, omissions or other culpable conduct of defendant Papa Kebab 1 LLC who is or may be liable to 110 Ninth Avenue answering hereby for contribution on the basis of its equitable share of responsibility, or for indemnity on the basis of a contract between them, actual or implied, or their negligence or other culpable conduct, or otherwise, including, without limitation, all costs, disbursements, expenses and attorneys' fees incurred in connection with this action.

WHEREFORE, 110 Ninth Avenue demands judgment dismissing the Complaint and on its cross-claims and awarding it the costs and disbursements, including reasonable attorneys' fees of this action and such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 11, 2017

ABRAMS GARFINKEL
MARGOLIS BERGSON, LLP

By:____________________
Barry G. Margolis (BM -1841)
1430 Broadway, 17th Floor
New York, NY 10018
(212) 201-1170
*Attorneys for Defendant 110 Ninth Avenue Corp.*

To: All Parties Via ECF